**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 11-cr-00406-CMA-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.      MANUEL SANTISTEVAN,
**2.      DANIEL SHAW,**
3.      DUSTIN PFEIFFER,

    Defendants.

---

**ORDER DENYING DEFENDANT SHAW'S MOTION FOR A NEW TRIAL**

---

This matter is before the Court on "Defendant Shaw's Rule 33(b)(2) Motion for New Trial." (Doc. # 247.) For the reasons discussed below, the motion is denied.

## I. BACKGROUND

On October 5, 2011, a federal grand jury returned a single-count Indictment against Defendants Manuel Santistevan, Dustin Pfeiffer, and Daniel Shaw, charging them with aggravated sexual abuse of a federal prisoner in violation of 18 U.S.C. §§ 2, 7, 2241(a)(1) and 2246(2)(C). (Doc. # 1.) The Defendants were charged both as principals and as aiders and abettors. (*Id.*) After pleading not guilty, Defendants proceeded to trial and, on July 19, 2012, a jury found them guilty as charged. (*See* Doc. ## 231; 231-1; 231-2; 285–288.)

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A motion for a new trial is not regarded with favor and is only [granted] with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007).

The Court may grant a motion for a new trial on any circumstance that might have resulted in the miscarriage of justice, including trial errors. *United States v. Ramos-Carrillo*, No. 09-cr-00056, 2012 WL 71755, at *2 (D. Colo. Jan. 10, 2012) (unpublished). However, "a litigant is entitled to a fair trial but not a perfect one, for there are no perfect trials." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984) (alteration, internal quotation marks, and citation omitted). Thus, an "alleged error by the trial court constitutes grounds for granting a new trial only where the trial court concludes that, absent the alleged error, a jury would likely have reached a contrary result." *Richins v. Deere & Co.*, 231 F.R.D. 623, 625 (D.N.M. 2004).

## III. DISCUSSION

Defendant's sole argument is that the victim, Trent Hix, and the Government's witness, Ryan Greeves, "gave conflicting testimony concerning how events transpired" and that, because their credibility was allegedly "completely questionable," the Court should order a new trial. (*See* Doc. # 247 at 6–7.) However, issues of fact, which are the exclusive province of the jury, generally are not revisited. *United States v. Cardinas*

*Garcia*, 596 F.3d 788, 794 (10th Cir. 2010). The Court "accept[s] at face value the jury's credibility determinations and its balancing of conflicting evidence." *Id.* As the Tenth Circuit stated in *Cardinas Garcia*, courts "will overturn a jury's credibility determination and disregard a witness's testimony only if the testimony is inherently incredible – that is, only if the events recounted by the witness were impossible 'under the laws of nature' or the witness 'physically could not have possibly observed' the events at issue." *Id.* (quoting *United States v. Oliver*, 278 F.3d 1035, 1043 (10th Cir. 2001)).

In the instant case, Defendant does not argue that the testimony of Hix and Greeves was inherently incredible but, rather, that it was merely inconsistent with other statements they had made to law enforcement officers after the crime occurred. (*See* Doc. # 247 at 6.) Accordingly, Defendant fails to convince the Court to overturn the jury's implicit credibility determinations or to disregard the witnesses' testimony.

### IV. **CONCLUSION**

For the foregoing reasons, "Defendant Shaw's Rule 33(b)(2) Motion for New Trial" (Doc. # 247) is DENIED.

DATED: October   31  , 2012

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge