IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No: 11-cr-00406-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

2.    DANIEL SHAW,

        Defendant.

**GOVERNMENT'S RESPONSE TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States Attorney, by and through Assistant United States Attorney Patricia Davies opposes the Defendant's Corrected Motion for Early Termination of Supervised Release (Doc. #36) ("Motion"), filed in *United States v. v. Daniel Shaw*, 10-cr-00488-CMA ("*Shaw I*"). The Motion seeks early termination of supervised release in both *Shaw I* and *United States v. Danny Shaw*, 11-cr-00406-CMA-2 (*Shaw II*).[1]

On January 28, 2020, Mr. Shaw filed his Motion for early termination. By order dated January 28, 2020, in *Shaw I*, the Court ordered the government to respond to the Motion. (Doc. #38). The government filed its response on February 4, 2020 (Doc. #40). The undersigned counsel has since learned that the Court also ordered the government to respond in *Shaw II* (Doc. #493); this response follows.

---

[1] As noted in its prior response (Doc. #40), undersigned counsel was not involved in either of the two cases regarding Mr. Shaw, referenced below. *Shaw II* was prosecuted by an AUSA in the District of New Mexico, who was designated as a "Special Assistant United States Attorney" ("SAUSA") for purposes of *Shaw II*. The undersigned AUSA has consulted with that prior SAUSA, who advises that he believes he is no longer a SAUSA in Colorado. The undersigned files this response to comply with the Court's order (Doc. #493).

### I. **Defendant's Motion Does Not Meet the Standard for Early Termination of Supervision.**

#### A. **Background Regarding the Defendant's Convictions and Supervision Term**

Daniel Shaw has requested early termination of his four-year period of supervision, which supervision is based on concurrent terms of 3 and 4 years, with each supervision period imposed following his conviction for a violent crime.  In *United States v. Daniel Shaw*, 10-cr-00488-CMA ("*Shaw I*"), the defendant was convicted following his guilty plea to committing armed bank robbery, in violation of 18 U.S.C. Sections 2113(a) and (d).  Defendant was arrested in connection with *Shaw I* in September 2010, and housed for at least a portion of his pre-trial detention at the Federal Correctional Institution in Englewood, Colorado ("FCI-Englewood").  Mr. Shaw entered his guilty plea to a single armed bank robbery in November 2010.  The plea agreement (Doc. #19, pg. 2) and the presentence investigation report ("PSR") in *Shaw I* reflect that in addition to the armed bank robbery to which he pled guilty, Mr. Shaw committed two additional bank robberies in September 2010.  On February 22, 2011, Mr. Shaw was sentenced to 41 months' imprisonment and a 4-year period of supervised release for the armed bank robbery in *Shaw I*.

In *United States v. Danny Shaw*, 11-cr-00406-CMA-2 (*Shaw II*), Mr. Shaw was charged along with two co-defendants with committing sexual assault on January 22, 2011 in a federal prison, in violation of Title 18, United States Code, Sections 7, 2241(a)(1), 2246(2)(C), and 2.  According to the PSR in *Shaw II*, defendant assisted in

a violent sexual assault at FCI-Englewood, and was later found guilty by a jury.[2]  He was later sentenced to 54 months' imprisonment, and 3 years of supervised release, with supervision from *Shaw II* to run concurrently with the supervision in *Shaw I.*

As of the time of filing his Corrected Motion for Early Termination of Supervised Release (Doc. #36), Mr. Shaw appears to have been supervised for slightly more than approximately 2 years and four months of his imposed 4-year term. (*Id.*, at 2).

### B. Standard for Early Termination of Supervision

Supervised release may be terminated early if a court, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1)[3]. Among those courts that have considered what showing a defendant must make concerning his conduct and the interests of justice for early termination of supervision, the majority rule appears to be that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) (collecting cases); *see also United States v. Emmett,* 749 F.3d 817, 824 n.2 (9th Cir. 2014) ("A defendant's

---

[2] The undersigned counsel has had some difficulty reconstructing the procedural posture in *Shaw II.*  It appears that, following Mr. Shaw's conviction by jury, he appealed and his conviction was affirmed by *United States v. Shaw*, 562 Fed. App'x. 593 (10th Cir. 2014).  Nonetheless, *Shaw II* was later resolved by Mr. Shaw's guilty plea to an Information, charging a violation of 18 U.S.C. § 113(a)(6) (Assault within the jurisdiction of the United States Resulting in Serious Bodily Injury) (Doc. # 478).

[3] Those factors are: (a)(1) nature and circumstances of the offense and history and characteristics of the defendant; (a)(2)(B) to afford adequate deterrence to criminal conduct; (a)(2)(C) to protect the public from further crimes of the defendant; (a)(4) the kinds of sentences and the sentencing range established [under the Sentencing Guidelines]; (a)(5) any pertinent policy statement [under the Guidelines]; (a)(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553.

'exceptionally good behavior' may render a previously-imposed sentence inappropriate or too harsh, but as the district courts of our circuit have repeatedly recognized, mere compliance is to be expected."); *Karacsonyi v. United States*, 152 F.3d 918 (Table), 1998 WL 410273, *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release.").

Thus, courts generally have required a demonstration of new or "changed circumstances, such as exceptionally good behavior." *Caruso*, 241 F. Supp. 2d at 468; *but see United States v. Gainer*, 936 F. Supp. 785, 786 (D. Kan. 1998) (granting early termination request without requiring demonstration of changed circumstances).

Mr. Shaw's Motion requesting early termination of his supervision recounts his growing business and his successful family relationships. (Doc. #36). The Motion also states that Mr. Shaw's business has "increasing opportunities outside of the state" and that he seeks early termination of his supervision to "seize" more easily those business opportunities. (Doc. # 36, at 6).

The government has carefully considered Mr. Shaw's Motion. It has also consulted with the U.S. Probation Officer (USPO) who has supervised Daniel Shaw. For the reasons below, the Motion should be denied.

First, under the authorities cited above, Mr. Shaw has not shown that his conduct has been of the exceptional nature that warrants termination of supervision after less than 2 ½ years of the four years supervision period. The government notes and appreciates that Mr. Shaw's more recent choices and energy have been directed at positive outcomes in his personal life and business success. Further, the government understands from the supervising USPO that Mr. Shaw has complied with the terms of

his supervised release. Nonetheless, mere compliance with SPR terms and Mr. Shaw's business and personal successes do not warrant early termination in the context of Mr. Shaw's two convictions for separate violent offenses.

Moreover, under the factors cited in Section 3583, citing to Section 3553(a), the nature and circumstances of Mr. Shaw's offenses (*i.e.*, armed bank robbery, including pointing a firearm at a bank employee, two additional bank robberies, and participating in a violent sexual assault of another inmate) do not support early termination. Similarly, the need for deterrence also warrants rejecting Mr. Shaw's Motion.

Additionally, undersigned counsel understands that the Judicial Conference Committee on Criminal Law has approved certain criteria for early termination of supervision. Those criteria include "No history of violence – The defendant does not have any prior violent related convictions." Mr. Shaw simply does not meet this criterion.

Finally, Mr. Shaw has provided no explanation as to what impediments on his liberty and activities warrant early termination. As noted above, the Motion references his desire to do construction-flooring work outside of Colorado. (Doc. #36). However, based on consultation with his supervising USPO, Mr. Shaw has limited restrictions at present, and need only obtain permission for out-of-state work related travel, which is apparently easily obtainable upon request.

## II.     Conclusion

Daniel Shaw has not satisfied his burden to show that early termination of his four-year period of supervision, after completing 2 years and 4 months, is warranted by his conduct or the interests of justice. Given the nature of Mr. Shaw's convictions and

the factors set forth in 18 U.S.C. § 3553(a), Mr. Shaw's Motion for early termination of supervision should be denied.

Respectfully submitted this 7th day of February, 2020.

                        JASON R. DUNN
                        United States Attorney

BY:   *s/ Patricia Davies*
        Patricia Davies
        Assistant United States Attorney
        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Phone: (303) 454-0100
        Fax: (303) 454-0401
        Email: patricia.davies@usdoj.gov
        Attorney for Government

## CERTIFICATE OF SERVICE

        I hereby certify that on this 7th day of February, 2020, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

        s/ *Amy McDaniel*
        Amy McDaniel
        Legal Assistant
        U.S. Attorney's Office